# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2989

_____

Carl Stanley Turner

*Plaintiff - Appellant*

v.

Ray Hobbs, Director, Arkansas Department of Correction; Burl, Warden,
E.A.R.U., Arkansas Department of Correction; Todd Ball, Assistant Warden,
E.A.R.U., Arkansas Department of Correction; Verie Westbrook, Classification
Supervisor, E.A.R.U., Arkansas Department of Correction; Moses Jackson, Chief
of Security, E.A.R.U., Arkansas Department of Correction; Paulette Green,
Classification Supervisor, E.A.R.U., Arkansas Department of Correction

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Helena

_____

Submitted: October 24, 2012
Filed: November 15, 2012
[Unpublished]

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Carl Turner appeals the district court's order denying him leave to proceed in forma pauperis (IFP) based on its finding that he had three strikes under 28 U.S.C. § 1915(g), and dismissing without prejudice his 42 U.S.C. § 1983 complaint. Upon review of the three cases the district court identified as strikes, see Owens v. Isaac, 487 F.3d 561, 563 (8th Cir. 2007) (per curiam) (de novo review of district court's interpretation and application of § 1915(g)), we conclude--in accordance with an earlier decision by this court--that one of them does not qualify as a strike, because the dismissal in that case was for lack of administrative exhaustion, see Turner v. Norris, 273 Fed. Appx. 579, 580 (8th Cir. 2008) (unpublished per curiam). We agree with the district court that the two other cases qualify as strikes under section 1915(g), but we are unaware of any other qualifying strike. In addition, we conclude that Turner is financially eligible for IFP status. Accordingly, we grant his motion for leave to proceed IFP in this appeal, we reverse the district court's order denying him IFP status and dismissing his complaint without prejudice under section 1915(g), and we remand the case for further proceedings.

_____